| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address: 1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>February 5, 2025 7:27 PM<br>FILING ID: 1DD0A418C930A<br>CASE NUMBER: 2025CV30466 |
| **Plaintiff:** ERNESTINE BARRETT,<br><br>**vs.**<br><br>**Defendants:** COSTCO WHOLESALE CORPORATION; NATIVE WHOLESALE, INC; and NATIVE FLORAL, LLC. | ▲ FOR COURT USE ONLY ▲ |
| *Counsel for Plaintiff*:<br>Wesley L. Enns, No. 59700<br>LEVINE LAW, LLC<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone Number: (303) 333-8000<br>Emails: Wenns@levlawllc.com | Case No. 25-CV-<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Ernestine Barrett by and through her attorneys, Levine Law, LLC, and submits her Complaint against Defendants, Costco Wholesale Corporation, Native Wholesale, Inc., and Native Floral, LLC, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Ernestine Barrett, at all times relevant hereto, resided at 6640 N. Lisbon Street, #4-202, Aurora, Colorado 80018.

2. Defendant, Costco Wholesale Corporation, (hereinafter "Defendant" and/or "Defendants" and/or "Defendant Costco") is a Foreign Washington Corporation, authorized to do business in Colorado, who at all relevant times had its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027.

3. Upon information and belief, at all times material herein Defendant Costco owned and/or operated and/or managed and/or performed maintenance, including maintaining the aisles on property known as Costco Wholesale, located at 1471 S. Havana Street, Aurora, Colorado 80012.

4. Defendant, Native Wholesale, Inc. (hereinafter "Defendant" and/or "Defendants" and/or "Defendant Native Wholesale") at all relevant times, was a foreign Florida corporation, authorized to do business in Colorado, with its principal place of business located at 245 Dixie Boulevard, Delray Beach, Florida 33444.

5. Upon information and belief, at all times material herein Defendant Native Wholesale owned and/or operated and/or managed and/or delivered flowers, at property known as Costco Wholesale, located at 1471 S. Havana Street, Aurora, Colorado 80012.

6. Defendant, Native Floral, LLC. (hereinafter "Defendant" and/or "Defendants" and/or "Defendant Native Floral") at all relevant times, was a foreign Delaware corporation, authorized to do business in Colorado, with its principal place of business located at 245 Dixie Boulevard, Delray Beach, Florida 33444.

7. Upon information and belief, at all times material herein Defendant Native Floral owned and/or operated and/or managed and/or delivered flowers, at property known as Costco Wholesale, located at 1471 S. Havana Street, Aurora, Colorado 80012.

8. Each and every one of Defendants may be referred jointly hereafter as "Defendants."

9. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

10. Personal jurisdiction is proper in this Court.

11. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

## FACTUAL STATEMENT

12. Plaintiff hereby affirms, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 12 above, as if set forth verbatim herein.

13. Plaintiff was an "invitee" at Defendants' property when she was walking down an aisle and slipped and fell on water on the floor near the flower area of the store.

14. Plaintiff was injured and sustained injuries, damages and losses, which occurred on March 8, 2023, on the premises of Defendants' property known as Costco Wholesale, located at 1471 S. Havana Street, Aurora, Colorado 80012.

15. On March 8, 2023, Plaintiff was walking down the aisle at Defendant Costco's store near the floral display. Suddenly and unexpectedly Plaintiff slipped and fell to the ground, landing on her knees. Unbeknownst to Plaintiff, there was water all over the floor, which could not be visualized, which was caused from the flowers on display.

16. At the time of Plaintiff's fall, there was water all over the floor, which could not be visualized, causing an unreasonably dangerous condition and slipping hazard.

17. Plaintiff has been advised that prior to or at the time of her fall, the water in the aisle was caused from an employee from Defendant Native Wholesale and/or Defendant Native Floral restocking the floral display.

18. Defendant Costco had a duty to inspect the aisles of its store to insure that they were clear of water, debris or other unreasonably dangerous conditions.

19. The incident caused Plaintiff to experience pain in parts of her body, including, but not limited to her knees.

20. Plaintiff was unaware of the water on the floor until after she slipped and fell.

21. At no time prior to falling was Plaintiff warned that a potentially unreasonably dangerous condition existed.

22. Defendants, through their employees, knew or should have known of the fact that there was water on the floor that created a slipping hazard.

23. Defendants, through their employees knew or should have known that numerous customers of the store would be utilizing the aisle by the floral display.

24. Defendants should have cleaned the water or placed warning signs or cones warning "invitees" of the unreasonably dangerous and hazardous condition on the aisle of the floor.

25. Defendants, through their representatives, agents, contractors, and/or employees failed to use reasonable care to protect Plaintiff against the unreasonably dangerous conditions on the subject premises, and this failure was the cause of Plaintiff's injuries and related damages. As stated herein, Defendants breached said duty to Plaintiff and Defendants are directly and vicariously liable for their actions and inactions.

26. As a direct and proximate result or substantial factor of Defendants' actions and/or omissions, Plaintiff slipped and fell, which resulted in injuries to the Plaintiff.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Premises Liability Against all Defendants - C.R.S. 13-21-115)**

27. Plaintiff hereby affirms, realleges, and incorporates each and every allegation contained in paragraphs 1 through 26 above, as if set forth verbatim herein.

28. At the time of Plaintiff's slip and fall, Defendants were "landowners" within the meaning of C.R.S. §13-21-115(1).

29. It was Defendants' express representation that the public, including Plaintiff, was requested, expected or intended to enter or remain upon their premises to shop for groceries and other items.

30. At the time and place of the incident indicated above, Plaintiff was a "business invitee" of Defendants, who on information and belief, had common-law and contractual duties to Plaintiff either directly or indirectly as a third-party beneficiary between Defendants to allow Plaintiff to enter and transact business through a safe and non-hazardous premises. It was Defendants' express representation that the public was requested, expected or intended to enter or remain upon such premises.

31. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property within the meaning of C.R.S. Section 13-21-115(1), and Plaintiff was a "business invitee," of Defendants as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. Section 13-21-115(c).

32. Defendants are directly or imputably liable to Plaintiff as a "business invitee," for damages and injuries sustained by the Plaintiff and caused by the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

33. Defendants violated C.R.S. §13-21-115, which adopts as a legal standard of care local, county, municipal, state and federal standards, and are directly or imputably liable to Plaintiff as a business invitee, for damages and injuries she sustained, which were caused by Defendants for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. Section 13-21-115(3).

34. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, are liable for their actions and for Plaintiff's medical care, economic damages including medical expenses, and non-economic damages including but not limited to, loss of enjoyment of life, extreme pain and suffering, emotional distress, and permanent impairment, all in amounts to be proven at trial.

35. Prior to and leading up to the time when the Plaintiff slipped and fell, Defendants failed to exercise reasonable care to protect against dangers of which they knew or should have known.

36. Defendants failed to warn individuals, including trespassers, licensees and/or invitees, of the potential dangerous condition presented by the water on the aisle of the floor on the property owned and/or maintained and used by Defendants in, on and around the areas where the Plaintiff fell.

37. Defendants had actual knowledge of the unreasonably dangerous condition and failed to take appropriate abatement measures to protect business invitees from the known dangerous condition on the common area owned and/or maintained and/or used by Defendants where Plaintiff slipped and fell.

38. At the time of the incident and at all other times relevant hereto, Defendants owned and/or controlled and/or were responsible for maintenance and/or conducted activities on the common area where the Plaintiff slipped and fell.

39. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

40. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

41. As a further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiff has been advised and believes that she has suffered permanent impairment.

42. Due to Defendants' failure to take reasonable steps to protect invitees on their property, Plaintiff suffered injuries, damages and losses.

43. The conduct of Defendants was an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. § 13-21-115. As a result of Defendants' negligence, careless conduct, and acts and omissions, Plaintiff has sustained injuries. Said injuries are of a permanent nature and which have caused Plaintiff great pain, suffering, discomfort, and emotional distress, and which will continue to cause Plaintiff great pain, suffering, discomfort, and emotional distress.

44. Plaintiff incurred physical injuries including, but not limited to, right arm injury, bilateral knee injuries, as well as the loss of ability to enjoy life as she did before the incident and emotional distress.

45. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

46. Plaintiff, at all relevant times relative hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

47. All of Defendants named herein are *pro-rata* share responsible for Plaintiff's injuries, and related damages and losses.

WHEREFORE, Plaintiff prays for the relief set forth below.

**SECOND CLAIM FOR RELIEF**

**(In the Alternative, if Defendants are Not "Landowners"
Under C.R.S. §13-21-115 Then Negligence as a Matter of Fact*)***

48. Plaintiff hereby reaffirms, realleges and incorporates each and every allegation contained in paragraphs 1 through 47 above, as if set forth verbatim herein.

49. Defendants owed and breached their duties to Plaintiff to maintain their property as reasonably prudent landowners and occupiers in a reasonably safe and prudent condition free from dangers or hazardous conditions. As a direct and proximate result or substantial factor of Defendants' acts and omissions or those of Defendants to act in accordance with Colorado Safety Standards, with Plaintiff being in the class of individuals to be protected by the standards in effect at the time of Plaintiff's fall, Plaintiff suffered personal injury, including temporary disability and permanent impairment, which have caused physical, mental, and emotional pain, and suffering.

50. Defendants had duties to comply with the above-referenced applicable standards of care and given their conduct as described above, Defendants breached or failed to meet the applicable standards of care and their actions and inactions are the direct and proximate cause or substantial factor therefore in causing the injuries and damages as more fully set forth in the Claim for Relief above.

51. Defendants and/or their agents, had a duty to maintain and administer the common areas along with, *inter alia,* the aisles of the premises, and surrounding areas in order that dangerous conditions, such as those present at the time of the incident, did not occur.

52. Defendants and/or their agents breached their duties to the Plaintiff.

53. As a result of Defendants and/or their agents' breach of the duties to Plaintiff, and as a result of the incident, Plaintiff has suffered injuries, damages and losses.

54. By failing to properly maintain the area where Plaintiff slipped, Defendants failed to act in a manner in which a reasonably careful person and/or entity under the same or similar circumstances would act in order to protect oneself or others from bodily injury and/or property damage.

55. By failing to act as a reasonably careful persons and/or entities under the same or similar circumstances, and by failing to maintain the aisles of the premises, owned and/or maintained and/or used by Defendants, Defendants were negligent.

56. Defendants are directly or imputably liable to Plaintiff for Defendants' negligence and premises liability as described in the claims for relief above. Said negligence and premises liability negligence may be proven as follows:

a. Plaintiff's injuries and damages, and the surrounding circumstances, as described above, were not the kind which ordinarily would occur in the absence of negligence and premises liability negligence;

b. Given the evidence to be demonstrated before this Court, there are no other responsible causes for Plaintiff's injuries and damages, including the conduct of Plaintiff; and,

c. The indicated premises liability and/or negligence are within the scope of Defendants' duties to Plaintiff as described above.

57. Plaintiff, at all relative times, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

58. All of Defendants named herein are *pro-rata* share responsible for Plaintiff's injuries, and related damages and losses.

WHEREFORE, Plaintiff prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, on account of the matters set forth in her claims for relief, Plaintiff prays for a judgment in her favor and against Defendants, in an amount which will fully compensate Plaintiff for her injuries and damages in the past, present and future, including for past, present and future medical expenses, past, present and future pain and suffering, for personal injuries, for emotional distress, for permanent impairment, for loss of ability to enjoy life as she did before the accident, for economic losses, for costs, expert witnesses, for attorney fees, for interest on such sums as is provided by law and for such other and further relief as to the Court appears proper in the premises.

**JURY DEMAND**

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE.**

DATED this 5th day of February, 2025.

**LEVINE LAW, LLC**

*Signed original document maintained and available pursuant to Rule 121*

*s/ Wesley L. Enns, Esq.*
Wesley L. Enns, No. 59700
Attorneys for Plaintiff

**Plaintiff's Address**:
6640 N. Lisbon Street, #4-202
Aurora, CO 80018